891 F.2d 298
 15 U.S.P.Q.2d 1154
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ZIP DEE, INC. and Nu-Zip Dee Mfg., Inc., Plaintiffs/Cross-Appellants,
v.
A & E SYSTEMS, INC., Defendant-Appellant.
 Nos. 88-1438, 88-1467, 89-1065, 89-1066 and 89-1067.
 United States Court of Appeals, Federal Circuit.
 Nov. 8, 1989.
Rehearing Denied Dec. 5, 1989.
 
 Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge* and MICHEL, Circuit Judge.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 These appeals are from final judgments of the United States District Court for the Central District of California, entered on jury verdicts finding A & E Systems, Inc. (A & E) liable to Zip Dee, Inc. and Nu-Zip Dee Mfg., Inc. (collectively Zip Dee) for trade dress and patent infringement by selling its Model 9000 recreational vehicle awning, and assessing total damages, costs, and attorney fees of $3,200,000. We affirm each appeal.
 
 OPINION
 
 2
 Zip Dee asserts in its brief at least twenty-seven errors committed by the district judge or jury. We have explained that this approach to appellate advocacy is "merciless on this court and wasteful of client resources." Fromson v. Citiplate, Inc., --- F.2d ----, 12 USPQ2d 1299, 1301 n. 2 (Fed.Cir.1989). We explicitly address below only those assertions which raise substantial questions.
 
 I. Trade Dress Liability
 A. Functionality
 
 3
 A & E is precluded from challenging on appeal the trial judge's instruction that A & E bore the burden of proof on this issue. The instruction was jointly submitted by A & E and Zip Dee, and A & E never objected to it before it was submitted to the jury. "A party who requests an instruction invites any error contained therein and, absent an objection before the instruction is given, waives appellate review of the correctness of the instruction." Gilchrist v. Jim Slemons Imports, Inc., 803 F.2d 1488, 1493 (9th Cir.1986). Even if we were to accept A & E's contention that it only "acquiesced" in the erroneous instruction, that would not change matters. Rule 51 states: "No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict...." On its face the rule is not limited to situations in which the loser actively "invited" the erroneous instruction, and the Ninth Circuit has never so limited the rule. See, e.g., Benigni v. City of Hemet, 879 F.2d 473 (9th Cir.1988).
 
 
 4
 Deland v. Old Republic Life Ins. Co., 758 F.2d 1331, 1335-37 (9th Cir.1985), cited by A & E, is not to the contrary. Deland involved a challenge to a district court's submission of the issue of contract interpretation to the jury, and to the accompanying jury instruction which stated the legal standard by which the jury was to interpret the contract. The doctrine of "invited error" was invoked to preclude the appellant from challenging the judge's submission of the interpretation issue to the jury. As to the jury instruction, however, the court invoked Rule 51, properly without resort to the doctrine of invited error. Id. at 1337. Thus, Deland is consistent with the Ninth Circuit's approach in cases such as Benigni, 879 F.2d at 473.
 
 
 5
 Contrary to A & E's contention, the Ninth Circuit does not recognize a "plain error" exception for erroneous jury instructions. E.W. French & Sons, Inc. v. General Portland, Inc., 885 F.2d 1392 (9th Cir.1989); Moore v. Telfon Communications Corp., 589 F.2d 959, 966 (9th Cir.1978).
 
 
 6
 A & E also waived its right to argue that the jury verdict of non-functionality, a question of fact, Vuitton et Fils S.A. v. J. Young Enterprises, Inc., 644 F.2d 769, 775 (9th Cir.1988), was not supported by substantial evidence. A motion for a directed verdict made at the close of all the evidence is a prerequisite to challenging the sufficiency of the evidence on appeal. Farley Transp. Co. v. Santa Fe Transp. Co., 786 F.2d 1342, 1345, 1347 (9th Cir.1986); Fed.R.Civ.Proc. 50(b). Here, A & E's counsel made no motion, but remarked to the court that after Zip Dee completed argument on its motions he "was going to make a motion ... for a directed verdict, too." (Our emphasis.) We have reviewed the precedents cited by A & E, but conclude they lend no support to A & E's argument that an expressed intention to move for a directed verdict satisfies the requirements of Rule 50. In addition, even if A & E had moved for a directed verdict, it would have had to state specific evidentiary deficiencies in order to preserve its right to challenge the jury verdict on appeal. Lifshitz v. Walter Drake & Sons, Inc., 806 F.2d 1426, 1429 (9th Cir.1986). Yet A & E stated no grounds for a directed verdict.
 
 
 7
 This court can review a jury verdict despite a party's failure to move for a directed verdict "[o]nly where there is such plain error apparent on the face of the record that failure to review would result in a manifest miscarriage of justice." Cabrales v. County of Los Angeles, 864 F.2d 1454, 1459 (9th Cir.1988) (citing Williams v. Hughes Helicopters, Inc., 806 F.2d 1387, 1392 (9th Cir.1986)). This standard, however, requires an "absolute absence of evidence to support the jury's verdict," Herrington v. Sonoma County, 834 F.2d 1488, 1500 (9th Cir.1987) (citations omitted), a standard which cannot be met by A & E in this case.
 
 B. Likelihood of Confusion
 
 8
 The judge was not required to instruct the jury that it must consider actual confusion in determining whether confusion was likely. It would be impractical and confusing to give jurors a "laundry list" of factors to consider in resolving every factual dispute. Here, the judge's instruction told them that they could consider several specific factors as well as their "experience as citizens of the community" and the "general knowledge [they] have acquired." It was within their general knowledge to recognize that actual confusion was probative on the issue of likelihood of confusion.
 
 
 9
 We also reject A & E's argument that the jury verdict of likelihood of confusion was not supported by the evidence. A jury verdict of likelihood of confusion is reviewed under the "substantial evidence" standard. See Fuddruckers, Inc. v. Doc's B.R. Others, Inc., 826 F.2d 837, 846 n. 12 (9th Cir.1987). Here, because of its failure to move for a directed verdict, A & E cannot undo the jury's finding unless it proves there is no evidence to support the verdict. Herrington, 834 F.2d at 1500. We conclude A & E has not met this burden.
 
 II. Patent Liability
 A. Infringement
 
 10
 Because Zip Dee chose not to move for a directed verdict on the issue of infringement, our review of this issue is limited to its legal aspect: claim construction.
 
 
 11
 A & E's argument that Zip Dee's claim construction emasculates part of the specification is simply another way of arguing that the claims must be limited to the embodiment described in the specification, a proposition which we have consistently rejected. Equally unpersuasive is A & E's assertion that Zip Dee's construction of claim 1 renders that claim inconsistent with dependent claim 2. Claim 2 requires that the means for connecting the strip to the awning cover "include" a pair of elongated members; it does not, as A & E contends, preclude the possibility that the means for connecting the strip might also include the C-shaped retainer. The same applies with respect to claim 3.
 
 B. Validity
 
 12
 The special verdict returned by the jury addressed only the ultimate question of obviousness, so we must presume that the jury resolved all underlying factual disputes in favor of Zip Dee. DMI, Inc. v. Deere & CO., 802 F.2d 421, 425, 231 USPQ 276, 279 (Fed.Cir.1986). We therefore presume that the jury found: (1) the U.S. patents to Eichner, Artman, Van Vliet, and Danelfold were not "analogous art," (2) the level of ordinary skill in the art was "not high," (3) A & E slavishly copied Zip Dee's patented invention, and (4) there was a long felt need for a solution to the leaking problem solved by Zip Dee's patented connector. Because A & E chose not to move for a directed verdict of invalidity at the close of all the evidence, and because there is some evidence in the record to support each of these presumed findings, Herrington, 834 F.2d at 1500, we must take them as true for purposes of this appeal.
 
 
 13
 Addressing the legal question of obviousness in view of these presumed factual findings, we conclude that on this record the invention of claim 1 would not have been obvious to one of ordinary skill in the art. The sole remaining reference which A & E asserted at trial was Zip Dee's own metal hinge disclosed as PRIOR ART in Figure 1 of the patent and considered by the examiner. We concur with the examiner's judgment that this metal hinge alone would not have rendered obvious Zip Dee's claimed hinge.
 
 III. Damages
 
 14
 We review a district court's choice of a method for computing monetary relief on an abuse of discretion standard, Maier Brewing Co. v. Fleischmann Distilling Corp., 390 F.2d 117, 121 (9th Cir.), cert. denied, 391 U.S. 966 (1968) (trade dress infringement); Seattle Box Co. v. Indus. Crating & Packing, 756 F.2d 1574, 1581 (Fed.Cir.1985) (patent infringement). Additionally, "jury damage awards, unless the product of passion and prejudice, are not easily overturned or modified on appeal." Weinar v. Rollform Inc., 744 F.2d 797, 808 (Fed.Cir.), cert. denied, 470 U.S. 1084 (1984). After thoroughly reviewing the applicable law and the evidence, we find no error of law or fact in the monetary award in this case.
 
 IV. Other Issues
 
 15
 We have carefully considered the numerous additional arguments and issues raised by Zip Dee, and by A & E in its cross appeal, but find them unpersuasive.
 
 
 
 *
 Judge Friedman took senior status on November 1, 1989