944 F.2d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Yolanda SEGNER, individually and as the Personal
Representative of the Estate of Bari Segner,
deceased, and the Estate of Ginger
Valerie Cutright, deceased,
Plaintiff-Appellant,
v.
Harry GLADSJO, and Karen Gladsjo, husband and wife, and the
marital community composed thereof, Gary F. Barter, Joanne
M. Barter, wife, and the marital community composed thereof,
d/b/a Mount Si Golf Course & Restaurant, Defendants-Appellees.
 No. 90-35469.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1991.
Decided Sept. 24, 1991.
 
 Before JAMES R. BROWNING, EUGENE A. WRIGHT and FARRIS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Harry Gladsjo drove his car through a stop sign and collided with a car driven by Bari Segner. Bari Segner and his 12 year old stepdaughter, Ginger, were killed. Gladsjo's blood alcohol content, measured 1 1/2 hours after the crash, was .244%, approximately 2 1/2 times the statutory limit.
 
 
 3
 Yolanda Segner, Bari's widow and Ginger's mother, filed this wrongful death diversity action against Gladsjo and the Barters. Segner and Gladsjo settled, leaving only the claim against the Barters, proprietors of the Mount Si Golf Course and Restaurant. That claim is governed by Washington law which holds tavern-keepers liable for serving alcohol to patrons who are "obviously intoxicated." See Purchase v. Meyer, 737 P.2d 661, 664 (Wash.1987).
 
 
 4
 Prior to trial, both parties presented briefs and arguments to the district court regarding whether Washington law permitted the introduction of evidence of Gladsjo's blood alcohol content to prove Gladsjo appeared "obviously intoxicated" when he was served alcohol at Mount Si. The district court excluded the evidence, holding Washington law permitted the introduction only of direct evidence of a patron's appearance to prove the patron appeared to be intoxicated. The parties then presented conflicting eye-witness accounts of Gladsjo's appearance. The jury ruled in favor of the Barters. Segner appeals.
 
 
 5
 * Segner argues the district court erred in choosing to apply the restrictive Washington rule of evidence rather than the Federal Rules of Evidence. This issue was not raised below. Indeed, Segner invited any error that may have occurred by repeatedly arguing to the district court that evidence of Gladsjo's blood alcohol content was admissible under Washington law without mentioning the Federal Rules of Evidence. See DeLand v. Old Republic Life Ins. Co., 758 F.2d 1331, 1336-37 (9th Cir.1985). We therefore do not address the merits of this claim, and assume for purposes of this appeal that Washington law controls.[1]
 
 II
 
 6
 It is unclear whether Washington law mandates the exclusion of Gladsjo's blood alcohol content. Several opinions of the Washington Supreme Court suggest evidence of blood alcohol content is not relevant to prove a patron appeared "obviously intoxicated," and hence must always be excluded. See, e.g., Dickinson v. Edwards, 716 P.2d 814, 817 (Wash.1986) (the lower court "was correct in not considering the Breathalyzer test results as proper evidence"); Shelby v. Keck, 541 P.2d 365, 370 (Wash.1975) (though the plaintiff had offered evidence of the patron's blood alcohol content, "there was no competent evidence ... to support a finding that" the patron appeared intoxicated). However, other opinions of the Washington Supreme Court suggest only that evidence of blood alcohol content is insufficient to raise an inference that the patron was obviously intoxicated. See, e.g., Christen v. Lee, 780 P.2d 1307, 1311 (Wash.1989) ("neither the results of a blood alcohol test nor the appearance of a person a substantial time after the intoxicating liquor was served constitutes sufficient evidence of obvious intoxication.") One opinion suggests both rules. Compare Purchase v. Meyer, 737 P.2d 661, 665 (Wash.1987) ("the result[ ] of the blood alcohol breath test ... was not competent evidence") with id. at 663 ("the results of a blood alcohol test ... and an expert's opinion based thereon, ... are not by themselves sufficient to get such a cause of action past a motion for summary judgment.")
 
 
 7
 Under these circumstances, we would ordinarily give serious consideration to certifying this issue to the Washington Supreme Court. See R.C.W. § 2.60.020 (authorizing certification of issues from any federal court to the Washington Supreme Court). However, the decision to certify an issue to a state supreme court lies within our discretion. Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974). In this case, prudential considerations and the availability of an alternative procedure persuade us to adopt a different course.
 
 
 8
 Certification is always costly to the parties; its use requires the parties to litigate in two courts instead of one. Clay v. Sun Ins. Office, 363 U.S. 207, 227-28 (1960) (Douglas, J., dissenting). See also Lehman Bros., 416 U.S. at 394 (Rehnquist, J., concurring). Perhaps more importantly, it is burdensome on the state court to which the issue is certified. Considerations of federal-state comity counsel against certification when there is a genuine possibility that the case may be resolved without certification. See Boyter v. Commissioner, Internal Revenue Service, 668 F.2d 1382, 1385 & n. 5 (4th Cir.1981).
 
 
 9
 Under the circumstances present in this case, there is a genuine possibility that a limited remand to the district court would obviate the need for clarification of Washington law. Even if the Washington court were to hold there is no per se rule excluding blood alcohol content, the district court would still need to determine in light of all the evidence whether its "probative value is substantially outweighed by the danger of unfair prejudice." Wash.R.Evid. 403. A determination by the district court that the evidence of Gladsjo's blood alcohol content was inadmissible under Rule 403 would render irrelevant the question of whether Washington law merely restricts the admission of blood alcohol content evidence or excludes it per se. We therefore remand to the district court for the limited purpose of determining whether the evidence of Gladsjo's blood alcohol content is admissible under Rule 403.
 
 
 10
 Segner also challenges several other rulings of the trial court. Each of these claims is without merit.[2]
 
 
 11
 REMANDED FOR THE LIMITED PURPOSE OF HOLDING AN EVIDENTIARY HEARING.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Segner will not be prejudiced by our decision to apply state law on this appeal. If we reached the merits of Segner's choice of law argument and concluded federal law controlled, the only relief we could grant would be a remand to the district court to conduct a hearing to determine whether the probative value of the evidence "is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. For the reasons stated in this disposition, we find it appropriate to order such a hearing now under Washington law. Wash.R.Evid. 403
 
 
 [2]
 The court did not err in admitting a nearly empty vodka bottle found in Gladsjo's car at the scene of the accident to show Gladsjo became intoxicated after he left the bar. Segner argues the prejudicial effect of this evidence outweighed its probative value, but identifies no prejudice other than the fact that the evidence hurt her case
 It was not manifest error to exclude expert testimony that Gladsjo would have been physically sick had he consumed a bottle of vodka in the short period of time after he left Mount Si but before the crash. United States v. Poole, 794 F.2d 462, 468 (9th Cir.1986). The district court could properly conclude it was within the common knowledge and experience of the jurors that illness may result from a drinking binge. See Fed.R.Evid. 702; Salem v. United States Lines Co., 370 U.S. 31, 35 (1962).
 It was not error to exclude expert testimony that a properly trained bartender would have recognized Gladsjo was intoxicated. The expert testimony was to be based upon the testimony of lay witnesses that Gladsjo was walking strangely, was overly affectionate, and had a flushed face. Given this lay testimony, the jury could determine without the assistance of experts whether a bartender should have been able to recognize Gladsjo's intoxication.
 The proposed jury instruction that employees of Mount Si had a duty not to furnish intoxicating liquor to a person who was "apparently intoxicated" was properly rejected as potentially misleading--Washington law establishes liability for sale to persons "obviously," not "apparently," intoxicated. Purchase, 737 P.2d at 664. Fraser v. Beutel, 785 P.2d 470 (Wash.App.1990), is not concerned with the duty of care but with what constituted evidence of its breach. See id. at 478-79.
 Segner was not prejudiced by the court's refusal to use a special verdict form that would have instructed the jury to allocate fault among Gladsjo and the Barters even if the jury concluded the Barters were not negligent. It was self-evident that if the Barters were not negligent Gladsjo was 100% at fault.
 Segner was not entitled to a directed verdict. The eyewitness testimony as to Gladsjo's outward appearance was conflicting; the jury was free to believe those witnesses who testified Gladsjo did not appear to be drunk.