

FILED

**NOT FOR PUBLICATION**

JUL 02 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

U.S. BANK NATIONAL
ASSOCIATION, a national association, as
securities intermediary for Lima
Acquisition, LP,

          Plaintiff - Appellant,

  v.

PHL VARIABLE INSURANCE
COMPANY, a Connecticut corporation,

          Defendant - Appellee.

No. 13-55767

D.C. No. 2:12-cv-03046-RGK-
MRW
Central District of California,
Los Angeles

MEMORANDUM[*]

Appeal from the United States District Court
for the Cental District of California
R. Gary Klausner, United States District Judge, Presiding

Argued and Submitted June 2, 2015
Pasadena, California

---

     [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: THOMAS, Chief Judge, CALLAHAN, Circuit Judge and SINGLETON,[**] Senior District Judge.

U.S. Bank National Association ("U.S. Bank") appeals the district court's grant of summary judgment on its claim that PHL Variable Insurance Company ("PHL") violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 38a–816(6), by engaging in a general practice of unfair claims processing. U.S. Bank also appeals the post-trial verdict on its California bad faith claim on the ground that the district court failed to properly instruct the jury. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

1. We review de novo the district court's grant of summary judgment. *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). "We must determine 'whether, viewing the evidence in the light most favorable to the non-moving party, there are genuine issues of material fact and whether the district court correctly applied the relevant substantive law.'" *Id.* (quoting *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc)). A district court's response to a

---

[**] The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

question from the jury is typically reviewed for abuse of discretion. *United States v. Ramirez*, 537 F.3d 1075, 1081 (9th Cir. 2008). Where an appellant did not object to the district court's response to the jury question, however, we review for plain error. *Id.*; *United States v. Anekwu*, 695 F.3d 967, 986 (9th Cir. 2012) (citing *Ramirez*, 537 F.3d at 1081).

2. To prevail on a CUTPA claim, a plaintiff must establish that the defendant engaged in acts of unfair claims settlement "with such frequency as to indicate a general business practice." Conn. Gen. Stat. § 38a–816(6). In support of its contention that PHL unfairly handled claims as a general business practice, U.S. Bank submitted affidavits from various individuals who described their difficulties obtaining payment from PHL on other insurance policies as well as the report of an expert who opined that PHL systematically resisted, denied, or delayed valid death benefit claims with respect to both the insurance policies at issue in the instant case and other insurance policies. The district court concluded that U.S. Bank failed to provide sufficient facts to establish that PHL engaged in unfair settlement practices as a general business practice because PHL's conduct in relation to the other policies had not been finally adjudicated in other legal actions.

Construing the evidence in the light most favorable to the plaintiff, we conclude that U.S. Bank tendered sufficient evidence to demonstrate a triable issue

3

of fact as to whether PHL engaged in acts of unfair claims settlement with such frequency as to indicate a general business practice under CUTPA. We therefore reverse the grant of summary judgment and remand for further proceedings on the CUTPA claim.

3.  U.S. Bank additionally argues that the district court made two errors concerning the bad faith claim litigated at trial. First, U.S. Bank alleges that the district court erred when it failed to rule as a matter of law when the time limit commenced under California Code of Regulations, title 10, section 2695.7(b). But because the district court gave verbatim U.S. Bank's proposed jury instruction on the regulation, review of U.S. Bank's challenge to it is foreclosed. *See Deland v. Old Republic Life Ins. Co.*, 758 F.2d 1331, 1337 (9th Cir. 1985). U.S. Bank likewise argues that the district court erred when it failed to give additional guidance in response to the jurors' question about the regulation. U.S. Bank did not object at trial to the district court's response, and we find no plain error.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

4