**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN BRYANT LAWSON, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> WILLIAM M. LAWSON, Jr., individually, and in his capacities as Trustee of the William M. Lawson Irrevocable Trust dated 12/17/1997; SHARON ONDREYCO, M.D., individually, and in her capacities as Trustee of the William M. Lawson Irrevocable Trust dated 12/17/1997, <br><br> Defendants-Appellees. | No.   15-17283 <br><br> D.C. No. 3:14-cv-00345-WGC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
William G. Cobb, Magistrate Judge, Presiding

Argued and Submitted June 12, 2018
San Francisco, California

Before:  SCHROEDER, GOULD, and DIAZ,[**] Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Albert Diaz, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

John Lawson ("John") sued his brother William Lawson ("Bill") and sister-in-law Sharon Ondreyco ("Sharon") (collectively, the "Trustees"), arguing that they acted improperly during their tenure as trustees of a trust ("Trust") that benefited John and seeking to rescind a 2013 settlement agreement ("Agreement") and release of liability. After a bench trial, the trial court entered judgment in favor of the Trustees, holding that the Agreement could not be rescinded under a theory of (1) illegality, (2) coercion, or (3) undue influence. John appeals only the trial court's rulings that there was no undue influence or illegality, as well as an order awarding attorneys' fees to the Trustees. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). We review the trial court's findings of fact for clear error and its conclusions of law *de novo*. *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1038 (9th Cir. 2015). We affirm.

The trial court applied the California Probate Code test for undue influence. Any error it made in assigning the burden of proof to John was invited by John who stated that he "unquestionably" and "obviously" bore the burden of proof. *See Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1270 (9th Cir.), *amended on denial of reh'g*, 289 F.3d 615 (9th Cir. 2002); *Deland v. Old Republic Life Ins. Co.*, 758 F.2d 1331, 1336 (9th Cir. 1985). And we conclude that none of the factors for undue influence—(1) the "vulnerability of the victim," (2) the "influencer's apparent authority," (3) the "actions or tactics used by the influencer," and (4) the

2

"equity of the result"—in combination or separately weighs significantly in favor of a holding of undue influence. *See* Cal. Welf. & Inst. Code § 15610.70(a)(1)–(4). We affirm the district court's decision that there was no undue influence.

California Probate Code § 16004.5(a), which forms the basis of John's illegality argument, prohibits only releases of liability obtained in exchange for a "required" distribution. But here the trial court explicitly found that a distribution was not conditioned on the release of liability. And under the Trust terms, there were no mandatory distributions to John. We agree with the trial court that the Agreement cannot be rescinded on the basis of illegality.

The Agreement provides for an award of attorneys' fees to a prevailing party in an action stemming from a dispute over the enforcement of the Agreement and the trial court awarded the Trustees their attorneys' fees here. The only grounds John argues for reversing the award of attorneys' fees is that Bill and Sharon should not have been the prevailing parties. As that argument is unavailing because they have prevailed on this appeal, there is no basis to reverse the award of attorneys' fees, and we affirm it.

**AFFIRMED.**