NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 31 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FEDERAL TRADE COMMISSION,

                              Plaintiff-
Appellee,

   v.

DIRK DANTUMA; DRIES DANTUMA;
EDWARD FRED DANTUMA; JEFFREY
DANTUMA; ED DANTUMA
ENTERPRISES, INC., DBA Publishers
Business Services, DBA Publishers Direct
Services; PUBLISHERS BUSINESS
SERVICES, INC.; BRENDA DANTUMA
SCHANG,

                   Defendants-Appellants.

No.    17-15600

D.C. No. 2:08-CV-00620-APG-
GWF

MEMORANDUM[*]

On Appeal from the United States District Court
for the District of Nevada,
Judge Andrew P. Gordon, presiding

Argued and Submitted August 15, 2018
San Francisco, California

Before:  O'SCANNLAIN and BEA, Circuit Judges, and STEARNS,[**] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Richard G. Stearns, United States District Judge for the
District of Massachusetts, sitting by designation.

1

This case concerns a telemarketing scheme to sell magazine subscriptions. From 2004 to 2008, Publisher Business Services, Inc. ("PBS") used a collection of deceptive telemarketing scripts to sell magazine subscriptions to consumers on the pretense that PBS was conducting a "survey." In 2008, the Federal Trade Commission ("FTC") filed suit against PBS, alleging that PBS's actions violated section 5 of the FTC Act, 15 U.S.C. § 45(a), and requesting equitable relief from the district court under section 13(b) of the FTC Act, 15 U.S.C. § 53(b).

On cross-motions for summary judgment, the district court found that PBS had violated the FTC Act, but held that a further hearing on monetary relief was required. After an evidentiary hearing, the district court entered judgment against PBS in the amount of $191,219. The FTC appealed the district court's calculation of monetary relief, but PBS did not file a cross-appeal regarding liability. We reversed the district court and remanded for further proceedings on monetary relief. *See FTC v. Publishers Bus. Servs., Inc.*, 540 F. App'x 555, 556–58 (9th Cir. 2013) ("*PBS I*").

On remand, a new district court judge awarded the FTC nearly $24 million in equitable monetary relief. PBS appeals, raising a number of arguments.

We review a district court's order granting equitable relief under the FTC Act "for abuse of discretion or the erroneous application of legal principles." *FTC v. Network Servs. Depot, Inc.*, 617 F.3d 1127, 1141 (9th Cir. 2010). A district court

2

abuses its discretion when it fails to identify and apply "the correct legal rule to the relief requested," or if its application of the legal standard was "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

1. PBS first argues that the district court lacked the authority to enter equitable monetary relief under section 13(b) of the FTC Act. This argument is foreclosed by our precedent. We have repeatedly held that section 13(b) of the FTC Act grants district courts the power to impose equitable remedies, including restitution and disgorgement of unjust gains. *See FTC v. Commerce Planet, Inc.*, 815 F.3d 593, 598–99 (9th Cir. 2016); *FTC v. Neovi, Inc.*, 604 F.3d 1150, 1159–60 (9th Cir. 2010); *FTC v. Pantron I Corp.*, 33 F.3d 1088, 1102 (9th Cir. 1994).

Contrary to PBS's argument, *Kokesh v. S.E.C.*, 137 S. Ct. 1635 (2017), has not abrogated this long-standing precedent. The *Kokesh* Court itself expressly restricted its ruling to whether the SEC's power to seek equitable disgorgement was subject to a five-year statute of limitations and specifically stated that "[n]othing in this opinion should be interpreted as an opinion on whether courts possess authority to order disgorgement in SEC enforcement proceedings." 137 S. Ct. at 1642 n.3. *Kokesh* is far from definitive enough regarding our interpretations of section 13(b) to cause us to depart from our long-standing precedent. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc).

3

2. The district court did not abuse its discretion when it applied a presumption that consumers who bought PBS's products relied on PBS's deceptive tactics and representations. We have previously held that "proof of individual reliance by each purchasing customer is not needed" to establish liability under section 13(b). *FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 605 (9th Cir. 1993). Rather, "[a] presumption of actual reliance arises once the Commission has proved that the defendant made material misrepresentations, that they were widely disseminated, and that consumers purchased the defendant's product." *Id*. at 605–06. Here, the district court did not abuse its discretion in concluding that all three factors were present.[1]

The district court also did not err in rejecting PBS's argument that evidence of "satisfied" customers who renewed their subscriptions did not rebut the presumption of reliance. We have previously held that there is "no authority" for the proposition that equitable monetary awards in the consumer protection context

---

[1] Contrary to PBS's argument, the district court's application of the presumption of reliance did not absolve the FTC of its responsibility to prove that the harm to the consumer was proximately caused by PBS's wrongful conduct. Nothing in the district court's ruling or reasoning runs afoul of the Supreme Court's decision in *Bank of America Corporation v. City of Miami*, 137 S. Ct. 1296 (2017). The relationship between PBS's wrongful conduct and the harm to the consumer was not attenuated or merely "foreseeable," it was direct: consumers were induced to enter into the transaction as a result of PBS's deceptive tactics and representations. Similarly, *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 339–40 (2005), is inapposite because, in this case, the FTC sought relief only for those consumers who were damaged when they actually paid PBS after being induced to enter into the transaction because of PBS's deceptive tactics.

4

should be reduced by amounts paid by customers who were "satisfied" or obtained a benefit from the defendant's services. *See FTC v. Gill*, 265 F.3d 944, 958 (9th Cir. 2001); *Consumer Fin. Prot. Bureau v. Gordon*, 819 F.3d 1179, 1196 (9th Cir. 2016). Additionally, as the district court found, the fact that a consumer later decided to renew his or her subscription "does not necessarily mean [his or her] original decision to purchase was free from the taint of [PBS's] deceptive sales practices." This conclusion makes sense. The fact that a customer was satisfied months or years after the fact does not mean that the customer did not rely on PBS's deceptive sales techniques *at the time of the original purchase*. Without other evidence, PBS's arguments to the contrary are speculative. The district court's findings on this issue were not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Hinkson*, 585 F.3d at 1263.

3. PBS also argues that the district court erred on remand by considering evidence that was submitted at the summary judgment stage of the proceedings, including declarations from PBS customers and former PBS employees. PBS did not raise this argument in the district court and, as a result, has waived the argument on appeal. *Abogados v. AT&T, Inc.*, 223 F.3d 932, 937 (9th Cir. 2000) ("Since the district court did not have an opportunity to consider this argument, it is waived.").

Further, PBS's argument is barred by the invited error doctrine. Not only did PBS fail to argue that the district court should not consider declarations submitted at

summary judgment, its own briefing contains a number of references to the very material it claims the district court erred by considering. For instance, PBS repeatedly directed the district court to the customer declarations it now seeks to exclude, arguing that those declarations showed that very few customers were actually deceived or damaged. We have long held that a party "may not complain on review of errors below for which he is responsible." *See Deland v. Old Republic Life Ins. Co.*, 758 F.2d 1331, 1336 (9th Cir. 1985) (quoting *Hudson v. Wylie*, 242 F.2d 435, 448 (9th Cir. 1957)). Here, any error committed by the district court in considering evidence from the summary judgment record was invited by PBS's briefing, which specifically asked the district court to consider that evidence.

4. Next, PBS argues that the FTC's claims are subject to the three-year statute of limitations contained in section 19 of the FTC Act. This argument is meritless. The FTC brought its claims under section 13(b) of the FTC Act, which contains no statute of limitations. Section 19 of the FTC Act does not provide that its statute of limitations applies to actions under section 13(b). "In the absence of a federal statute expressly imposing or adopting one, the United States is not bound by any limitations period." *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1489 (9th Cir. 1993).

5. Finally, PBS attempts to argue that the district court's original summary judgment ruling regarding liability was erroneous. PBS has waived any challenge

6

to the district court's rulings on liability. During *PBS I*, PBS did not cross-appeal the district court's ruling that PBS was liable under the FTC Act. We have repeatedly held that we "need not and do[] not consider a new contention that could have been but was not raised on the prior appeal." *See Munoz v. Imperial Cty.*, 667 F.2d 811, 817 (9th Cir. 1982). We have also previously held that even parties who were satisfied with the district court's judgment must file a cross-appeal to preserve issues for review in subsequent appeals following a remand. *See Alioto v. Cowles Commc'ns, Inc.*, 623 F.2d 616, 618 (9th Cir. 1980).[2] As a result, PBS waived any arguments regarding the district court's liability ruling when it failed to raise those arguments by way of a cross-appeal in *PBS I*.

In light of the above, the district court's judgment is **AFFIRMED**.

---

[2] Contrary to PBS's argument that it should be excused for its failure to file a protective cross-appeal because they are "disfavored," we have previously endorsed the use of protective cross-appeals. *See Alioto*, 623 F.3d at 617; *see also Warfield v. Alaniz*, 569 F.3d 1015, 1019 (9th Cir. 2009) ("A protective cross-appeal is permissible once an initial appeal is filed, raising the possibility of reversal.").