**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARL HAYNES, | No.  21-55827 |
| Plaintiff-Appellant, | D.C. No. |
| v. | 3:15-cv-01038-CAB-JLB |
| HOME DEPOT USA, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted December 8, 2022**
Pasadena, California

Before:  R. NELSON, BADE, and FORREST, Circuit Judges.

This appeal comes to us after Carl Haynes lost at trial and on multiple rulings in an employment action against his former employer, Home Depot USA, Inc.  The jury returned a verdict for Home Depot, and the district court denied Haynes's motion for new trial and granted Home Depot's motion for summary judgment on

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

punitive damages. We have jurisdiction under 28 U.S.C. § 1291. We review evidentiary rulings and issues related to the management of trial for abuse of discretion. *Monotype Corp. PLC v. Int'l Typeface Corp.*, 43 F.3d 443, 448, 450 (9th Cir. 1994). We review legal questions and the internal consistency of jury verdicts de novo. *United States v. Campbell*, 42 F.3d 1199, 1203 (9th Cir. 1994); *Norris v. Sysco Corp.*, 191 F.3d 1043, 1047 (9th Cir. 1999). We affirm.

1. We first address both Home Depot's complaint that Haynes relies on extra-record materials not presented to the district court and Haynes's subsequent motion to supplement the record with those materials (Dkt. No. 43). Haynes's appellate briefing repeatedly cites portions of a deposition from a later case against Home Depot in California state court.

"[P]apers not filed with the district court or admitted into evidence by that court are not part of the record on appeal." *Barcamerica Int'l USA Tr. v. Tyfield Imps., Inc.*, 289 F.3d 589, 594 (9th Cir. 2002) (citation omitted). Because the deposition testimony was not presented to the district court, it is "not properly part of the record before us." *Id.* While we may "exercise inherent authority to supplement the record in extraordinary cases," *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003), Haynes fails to show that this case is extraordinary, and we conclude that the "purported new evidence does not add to the record," *Morgan v. Safeway Stores, Inc.*, 884 F.2d 1211, 1213 (9th Cir. 1989). We therefore deny

2

Haynes's motion to supplement the record on appeal and decline to rely on these extra-record materials.

2. The district court did not abuse its discretion in addressing Home Depot's three challenged motions in limine. The first motion sought to exclude witnesses that Haynes did not timely disclose. But it was withdrawn by Home Depot, so no witness was limited or excluded and there was no ruling to prejudice Haynes.

The second motion sought to exclude testimony from Haynes's "me too" witnesses. The district court only provided a tentative ruling that gave general parameters for such witnesses and excluded no one in particular. Haynes complains that the testimony of another former assistant store manager was wrongly limited by this ruling. But the district court only prevented testimony from that witness about an incident occurring three years later, involving a different store, different people, and none of the same managers. This was not an abuse of discretion. *See* Fed. R. Evid. 403.[1]

The third motion sought to exclude assistant manager experiences at other locations. But it was limited to testimony about an overtime claim and did not, as Haynes claims, hinder his ability to show a "pattern of age discrimination." Haynes

---

[1] To the extent that Haynes complains that the district court's ruling on the motion wrongly limited other witnesses, he "failed to . . . attempt to introduce . . . testimony" from anyone else supposedly excluded by the tentative ruling and thus "cannot challenge the exclusion of that evidence on appeal." *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 689 (9th Cir. 2001).

fails to show any abuse of discretion or prejudice suffered from the district court's ruling on this motion.

3. The district court did not abuse its discretion in allowing testimony from Courtney Korkow, a regional human resources director for Home Depot, about employee demographic data. Though Korkow was not identified as a defense witness in pretrial disclosures, Haynes's counsel represented that Korkow's late inclusion "wouldn't be a problem" if her deposition before trial was permitted—which it was. *United States v. Newman*, 6 F.3d 623, 629 (9th Cir. 1993) (litigant "withdrew his objection and therefore failed to make a contemporaneous objection"). Moreover, the initial failure to disclose was harmless, as Korkow was already identified as Haynes's own witness and the district court reopened discovery to allow Haynes to adequately prepare for trial. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014).

Haynes also complains that Korkow's testimony was improper because she lacked personal knowledge. But Haynes failed to preserve this issue with a contemporaneous objection, and we discern no plain error in the admission of the testimony. Fed. R. Evid. 103(e). Haynes's argument rests largely on the impermissible extra-record materials, and we conclude that Korkow's knowledge of the relevant database and review of the demographic data in it provided personal knowledge to support her testimony.

4. The district court did not abuse its discretion in admitting Exhibit 625. Haynes argues that this exhibit lacked foundation and violated Federal Rule of Evidence 1006, but he failed to preserve these issues with a contemporaneous and specific objection and the district court never ruled on them. Fed. R. Evid. 103(a)(1)(A)–(B). Haynes's arguments also lack merit. Foundation for the admission of this exhibit as a business record was laid by Korkow's previous testimony about the source and preparation of the data. *See U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1045 (9th Cir. 2009). And Federal Rule of Evidence 1006 does not apply because the exhibit is not a summary of voluminous evidence. *Id.* at 1046 ("[T]he summaries *themselves* constituted the business records. They were the writings at issue, not summaries of other evidence. Thus, Rule 1006 does not apply.").

5. The district court did not err in adding a "delayed discovery" jury instruction and related verdict form during trial. "We have consistently held that issues not preserved in the pretrial order have been eliminated from the action." *S. Cal. Retail Clerks Union & Food Emps. Joint Pension Tr. Fund v. Bjorklund*, 728 F.2d 1262, 1264 (9th Cir. 1984). Home Depot referenced the defenses in question in the pretrial order, specifically reserving the right to assert them, and engaged in extensive discussion about them in the pretrial briefing. Haynes also fails to persuade that he suffered any meaningful prejudice based on the timing of adding

5

the instruction and the verdict form.

Nor did the instruction or verdict form violate the doctrine of the law of the case. Under that doctrine, a "lower court is precluded from reconsidering" an issue "decided by a higher court." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018). Though some summary-judgment issues were previously litigated before us, we did not address or resolve the issue of the proper formulation of the "delayed discovery" jury instruction. *See Haynes v. Home Depot USA, Inc.*, 800 F. App'x 480, 484 (9th Cir. 2020).[2]

6. The district court did not err by accepting an inconsistent verdict. *See Norris*, 191 F.3d at 1047 (internal consistency of jury verdict is reviewed de novo). The jury found that 1) Haynes did have "notice or information of circumstances to put a reasonable person on inquiry to seek to learn the facts necessary to bring an age discrimination claim by February 12, 2014," and that 2) Haynes did not "prove that his age was a substantial motivating reason for Home Depot's decision to terminate him." Although the jury ignored the instruction not to proceed to the second question based on its answer to the first, these answers are consistent and provide no basis for reversal.

---

[2] There is also no merit to Haynes's argument that the district court violated our prior memorandum decision by not allowing evidence or testimony about Home Depot's alleged fabrication of write-ups against its employees. The portion of the previous decision that Haynes relies on dealt only with a sanctions issue and had no bearing on the district court's evidentiary rulings. *Haynes*, 800 F. App'x at 487.

7.  The district court did not abuse its discretion in its time management at trial.  Haynes argues that the district court unreasonably limited his time to conduct the jury trial.  But "[t]he case law makes clear that where a district court has set reasonable time limits and has shown flexibility in applying them, that court does not abuse its discretion."  *See Amarel v. Connell,* 102 F.3d 1494, 1514 (9th Cir. 1996).  Haynes never objected to the time limits or asked for more time at trial, and we agree with the district court that Haynes has not shown that its actions were unreasonable or rigid in any way.

8.  Haynes challenges the grant of summary judgment for Home Depot on the question of punitive damages.  But "[t]here can be no punitive damages where compensatory damages have not been awarded."  *Deland v. Old Republic Life Ins. Co.*, 758 F.2d 1331, 1339 n.4 (9th Cir. 1985).  We do not disturb the jury's verdict for Home Depot, so punitive damages cannot be awarded.

**AFFIRMED**.  Haynes's motion to supplement the record on appeal (Dkt. No. 43) is **DENIED**.