**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Michael OLMO and Phillip Martinez, Defendants-Appellants.**

No. 80–1469.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 1981.

Decided March 16, 1981.

Lin B. Densmore, San Francisco, Cal., for defendants-appellants.

Robert Ward, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before SKOPIL and FLETCHER, Circuit Judges, and EAST,* District Judge.

SKOPIL, Circuit Judge:

Michael Olmo and Phillip Martinez appeal the denial of their motion to correct their sentences of life imprisonment for first degree murder without the benefit of the Youth Corrections Act. We affirm.

In 1975 Olmo and Martinez were juveniles certified for trial as adults after indictment for first degree murder. They were convicted and sentenced to life imprisonment pursuant to 18 U.S.C. § 1111. They

\* Honorable William G. East, Senior United States District Judge, for the District of Oregon, sitting by designation.

appealed on issues not presented here and this court affirmed. *United States v. Martinez*, 536 F.2d 886 (9th Cir.), *cert. denied*, 429 U.S. 907, 97 S.Ct. 273, 50 L.Ed.2d 189 (1976).

On June 13, 1980, the district court denied a motion to correct their sentences. They contend on appeal that the district judge misunderstood the sentencing alternatives available under the Youth Corrections Act ("YCA"), 18 U.S.C. §§ 5005 et seq. We focus on the correctness vel non of a life sentence under 18 U.S.C. § 5010 and conclude that the district court did not err in sentencing Olmo and Martinez.

A district Judge is authorized under the YCA to sentence an offender: (1) to a term in custody as a youth offender to be discharged in no more than 6 years, 18 U.S.C. §§ 5010(b), 5017(c); or (2) to a term in custody as a youth offender for the applicable period authorized by law as a sentence for the offense, 18 U.S.C. 5010(c). Alternatively, the sentencing judge is expressly reserved the authority to sentence under any other applicable penalty provision "[i]f the court shall find that the youth offender will not derive benefit from treatment under subsection (b) or (c)." 18 U.S.C. § 5010(d). Under 18 U.S.C. § 1111 the period authorized by law for the offense of first degree murder is a mandatory sentence of life imprisonment.

The district judge specifically recited that he thought the following options were available as sentences for appellants: (1) a term with a maximum of six years imprisonment under the YCA as a youth offender; or (2) life imprisonment under the YCA as a youth offender. The district judge, however, decided to choose another applicable alternative in 18 U.S.C. § 5010 which was sentencing under subsection (d) to a term to be served without benefit of the YCA—life imprisonment for first degree murder under 18 U.S.C. § 1111.

Our rule of construction is that the language of a criminal statute must be strictly construed and we should accord the language its plain meaning when it is unambiguous. *United States v. Dangdee*, 616 F.2d 1118, 1119 (9th Cir. 1980); *see United States v. Rutherford*, 442 U.S. 544, 551, 99 S.Ct. 2470, 2474, 61 L.Ed.2d 68 (1979). The plain language of the statute compels the conclusion that the option of the district judge under subsection (c) was limited to a life sentence for first degree murder—"the period that may be authorized by law for the offense" for which Olmo and Martinez stood convicted. 18 U.S.C. § 5010(c). The life sentence would be served in the custody of the Attorney General as a youth offender sentenced pursuant to the YCA. Youth offenders sentenced under section 5010(c) may be released under supervision at any time, must be released under supervision not later than 2 years before expiration of the term imposed by the court, and must be unconditionally discharged on or before expiration of the maximum term imposed. *See* 18 U.S.C. § 5017(a) and (d).

We find no error in the formulation of sentencing options by the district court. Moreover, in sentencing appellants under 18 U.S.C. § 1111, the court made the express finding mandated by Section 5010(d) that appellants would not benefit by YCA commitment. *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974); *United States v. Boyce*, 594 F.2d 1246, 1252 (9th Cir.), *cert. denied*, 444 U.S. 855, 100 S.Ct. 112, 62 L.Ed.2d 73 (1979). Accordingly, the judgment of the district court is affirmed.