**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ricky George GOSEYUN,
Defendant-Appellant.**

**No. 85–1264.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 15, 1986.

Decided May 19, 1986.

Roger Dokken, Jon Rick Cooper, Asst. U.S. Attys., Phoenix, Ariz., for plaintiff-appellee.

Francisco Leon, Tucson, Ariz., for defendant-appellant.

Before CHOY, KENNEDY and REINHARDT, Circuit Judges.

PER CURIAM:

Ricky Goseyun was convicted of first degree murder under 18 U.S.C. §§ 1111, 1153 for beating to death Dwayne Bullis on the San Carlos Apache Indian Reservation. Goseyun was sentenced to life imprisonment. On appeal Goseyun argues the district court erred by denying him the twenty peremptory challenges provided by Federal

Rule of Criminal Procedure 24(b) when the offense charged is "punishable by death," and by sentencing him to life imprisonment under 18 U.S.C. § 1111 without a jury finding that its verdict was "without capital punishment." Goseyun also argues that the district court erred in admitting into evidence a photograph of the victim's beaten body. We reject these contentions, and we affirm.

█ We have recognized that invalidation of the death penalty provision of section 1111 has not necessarily invalidated all statutes tied to the concept of a capital case. *United States v. Steel*, 759 F.2d 706, 709 (9th Cir.1985). Rather, we consider whether the particular statute or rule in question derives from the nature of the offense, in which case it remains in effect, or the potential severity of the punishment, in which case it does not. *Id.* (quoting *United States v. Kennedy*, 618 F.2d 557, 558 (9th Cir.1980) (per curiam)). Since the provision of twenty peremptory challenges by Federal Rule of Criminal Procedure 24(b) is tied to the penalty formerly possible, *see United States v. Martinez*, 536 F.2d 886, 890 (9th Cir.), *cert. denied*, 429 U.S. 907, 97 S.Ct. 273, 50 L.Ed.2d 189 (1976) (twenty peremptory challenges properly denied where the government stipulated that it would not seek the death penalty), the benefit of that rule is no longer available to persons charged under section 1111. Although earlier cases in this circuit have upheld the denial of twenty peremptory challenges on the ground that the government stipulated before trial that it would not seek the death penalty, *see United States v. Vallez*, 653 F.2d 403, 406 (9th Cir.), *cert. denied*, 454 U.S. 904, 102 S.Ct. 412, 70 L.Ed.2d 223 (1981); *Martinez*, 536 F.2d at 890, the judicial invalidation of the death penalty provision of section 1111 makes such a stipulation unnecessary. Our conclusion is in harmony with the interpretation given to Rule 24(b) in other circuits. *See United States v. McNally*, 485 F.2d 398, 406–07 (8th Cir.1973), *cert. denied*, 415 U.S. 978, 94 S.Ct. 1566, 39 L.Ed.2d 874 (1974) (where district court held imposition of death penalty under 49

U.S.C. § 1472(i) would be unconstitutional, twenty peremptory challenges unavailable); *United States v. Hoyt*, 451 F.2d 570, 571 (5th Cir.1971) (per curiam), *cert. denied*, 405 U.S. 995, 92 S.Ct. 1272, 31 L.Ed.2d 465 (1972) (where capital punishment for kidnapping unconstitutional, twenty peremptory challenges not available).

█ Goseyun's argument that the district court was without authority to sentence him because the jury did not qualify its verdict as "without capital punishment" is also meritless. The current penalty for first degree murder under section 1111 is a mandatory sentence of life imprisonment. *United States v. Fountain*, 768 F.2d 790, 799–800 (7th Cir.), *amended on other grounds*, 777 F.2d 345 (7th Cir.1985) (per curiam), *cert. denied*, — U.S. —, 106 S.Ct. 1647, 90 L.Ed.2d 191 (1986); *United States v. Olmo*, 642 F.2d 280, 281 (9th Cir.), *cert. denied*, 454 U.S. 1087, 102 S.Ct. 647, 70 L.Ed.2d 623 (1981). Contrary to defendant's assertion, there is no ambiguity in the penalty provision, *see Fountain*, 768 F.2d at 800, and no need for the jury to qualify its verdict as "without capital punishment" in light of the invalidity of the death penalty provision.

█ Finally, the district court did not err in admitting into evidence the photograph showing the massive injuries to the victim's head. The trial judge's exercise of discretion in balancing the prejudicial effect and probative value of photographic evidence of this type is rarely disturbed. *United States v. Brady*, 579 F.2d 1121, 1129 (9th Cir.1978), *cert. denied*, 439 U.S. 1074, 99 S.Ct. 849, 59 L.Ed.2d 41 (1979). Here, where the photograph was relevant evidence of both the cause of death and the willful, deliberate, and premeditated nature of the murder, the judge did not abuse his discretion in admitting the evidence.

Appellant's conviction is AFFIRMED.