951 F.2d 361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MERCADO LATINO, INC., Plaintiff/Counter-Defendant-Appellee,
v.
Albert SOLER; Marktrade Company, Inc.,
Defendants/Counter-Claimants-Appellants.
 Nos. 90-56178, 90-56160.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 8, 1991.
Decided Dec. 12, 1991.
As Amended on Denial of Rehearing Jan. 22, 1992.
 
 Before SNEED, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mercado Latino, Inc. ("Mercado") sued Albert Soler and Marktrade, Inc. (collectively, "Marktrade") for infringement of its trademark "Sol-Mex," which is used to identify Mercado's canned fish, seafood, and whole pickled chili peppers. A special verdict in district court found the trademark was infringed only with respect to Mercado's sardine products. The court, sitting without a jury, granted a permanent injunction barring Marktrade's sale of sardines. It also ruled that due to laches and false advertising on the part of Mercado, there would be no award for damages, costs, or attorney's fees. We affirm.
 
 
 3
 Because the questions presented on cross-appeal deal with the substantive issues in this case, we will first discuss those issues, and secondly deal with the questions raised on direct appeal.
 
 
 4
 * A
 
 
 5
 On cross-appeal, Marktrade argues that there was insufficient evidence for the jury's special verdict that Marktrade infringed on the trademark rights of Mercado Latino's "Sol-Mex" by marketing "Seamex" and "Sardimex" sardines. We review the district court's finding of a "likelihood of confusion" for clear error. Eclipse Assoc. Ltd. v. Data General Corp., 894 F.2d 1114, 1116 (9th Cir.1990) (citing Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1355 (9th Cir.1985) (en banc)). Applying the eight-factor test of AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir.1979), we find no error.[1]
 
 B
 
 6
 Marktrade argues that Mercado's trademark was not properly assigned. Mere assignment of a trademark without transferal of the business with which the mark was associated, is insufficient to allow the transferee to have standing to sue on the trademark. Mister Donut of America, Inc. v. Mr. Donut, Inc., 418 F.2d 838, 842 (9th Cir.1969). However, the jury was instructed on this issue, and there was a long discussion of the assignment. See Reporter's Transcript [hereinafter RT] (June 1, 1990) at 37; RT 22-23 (May 29, 1990); RT 71 (May 25, 1990). What and how much was transferred is a question of fact. There was no plain error in the determination that the mark was not cancelled and was properly assigned.
 
 C
 
 7
 Marktrade argues that the district court committed errors on evidence rulings. The first piece of evidence was a photograph of a shelf in Ralph's supermarket. A district court's ruling on the admission of photographs is reviewed for abuse of discretion. United States v. Goseyun, 789 F.2d 1386, 1387 (9th Cir.1986). Indeed, the witness who authenticated the photo was unable to say anything about when the photo was taken, and provided a rather shaky foundation for its admission. RT 12 (May 18, 1991). However, the error was corrected by a subsequent witness who was able to say when and where the photograph was taken. See RT 77-78 (May 22, 1990).
 
 
 8
 Marktrade also complains that the district court did not admit a letter in which Marktrade was told by its attorney about his trademark investigation. The letter would have been relevant in a showing of good faith. The trial court has broad discretion in such matters. Deland v. Old Republic Life Ins. Co., 758 F.2d 1331, 1338 (9th Cir.1985). We review for plain error. United States v. Knigge, 832 F.2d 1100, 1108 (9th Cir.1987). The court did not admit the letter on the grounds that it did not fall under the business records exception to the hearsay rule. See RT 6 (May 23, 1990). Arguably, this was not a business record, although if the letter was received in the ordinary course of business, it becomes part of the business file. Deland, 758 F.2d at 1338. The district court found it was merely correspondence and not a business record. See RT 6 (May 23, 1990). This was not plain error.
 
 
 9
 But, even assuming that the district court should have admitted the letter, the good faith use of a trademark--that the letter would go to show--is but one factor that goes into the determination of infringement and the calculation of damages. Therefore, even if the district court's ruling in these matters was mistaken, an erroneous evidentiary ruling is subject to harmless error review. See Fed.R.Civ.P. 61. We hold these errors to be harmless.
 
 D
 
 10
 Marktrade argues that laches and unclean hands should preclude an injunction and monetary damages. The Ninth Circuit has held under E-Systems v. Monitek, Inc., 720 F.2d 604 (9th Cir.1983) that "laches can bar recovery in trademark or trade name actions where injunctive relief is sought." Id. at 607. Applying E-System 's six-factor test to determine if laches would bar recovery, the district court's finding that laches should prevent damages from being awarded, but should not prevent an injunction was supported with substantial evidence. The district court seems to have found that the strength and value of the trademark rights were high and that Mercado would suffer harm if relief were denied. Under Faberge, Inc. v. Saxony Products, Inc., 605 F.2d 426, 429 (9th Cir.1979), a district court has the power to award an injunction and not award damages. The district court did not abuse its discretion in finding the equities in the case required an injunction in favor of Mercado.
 
 E
 
 11
 Marktrade argues that there was sufficient evidence to find that the abalone shell label constituted false advertising. There is no merit to Marktrade's argument. The jury properly found that Mercado was guilty of false advertising under section 17200 of the California Business and Professions Code. Marktrade's only complaint is that the jury also should have found false advertising with respect to the type of abalone depicted on the label. The jury was within its discretion to find that the misrepresentation with respect to the type of abalone was not material. See RT 12 (June 6, 1990).
 
 II
 
 12
 * On direct appeal, Mercado argues that the district court should have granted its cross motion for partial summary judgment because there was "abundant" evidence to establish willful and deliberate trademark infringement. A denial of summary judgment is reviewed de novo. Lockary v. Kayfetz, 917 F.2d 1150, 1153 (9th Cir.1990). Assuming the facts most favorable to the non-moving party, Smolen v. Deloitte Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990), there was an issue of material fact with regard to the likelihood of infringement with the eight-factor test. See Sleekcraft, 599 F.2d at 353. The issue of willful infringement in this case is hardly open-and-shut. The evidence Mercado used to support its contention that summary judgment should have been granted consisted of a handful of inconsistencies in the court record. This evidence hardly requires the conclusion that no issue of material fact existed with respect to whether infringement was deliberate.
 
 B
 
 13
 Mercado also argues that the district court's grant of an injunction should be overturned because the court should have granted a broad injunction. Mercado argues that the court was prejudiced because it "essentially restricted evidence of trademark infringement to sardines only." However, a review of the trial record indicates much time was spent on abalone and hot peppers as well. See, e.g., RT 21 (June 19, 1990). The purpose of the Lanham Act is to prevent confusion to the public, and the district court fashioned an injunction to prevent confusion in those areas where the jury found confusion. "The district court has substantial discretion in defining the terms of an injunction and appellate review is correspondingly narrow." Coca-Cola Co. v. Overland, Inc., 692 F.2d 1250, 1256 n. 16 (9th Cir.1982) (citing Lemon v. Kurtzman, 411 U.S. 192 (1973)).
 
 C
 
 14
 Finally, Mercado argues that they should have been awarded damages, costs, or attorney's fees because the jury found Marktrade's actions were willful and deliberate.[2] The district court correctly found that laches and unclean hands on Mercardo's part prevented an award of damages, costs, or attorney's fees. See Ellenburg v. Brockway, Inc., 763 F.2d 1091, 1097 (9th Cir.1985) ("[e]quity requires that those seeking its protection shall have acted fairly and without fraud or deceit as to the controversy in issue.").
 
 
 15
 Moreover, we find no abuse of discretion in the district court's failure to award costs. As Marktrade points out, both Mercado and Marktrade prevailed on three causes of action each, and, therefore, costs were properly not awarded to either side.
 
 
 16
 Regarding the award of damages, the district court scrupulously followed the requirements of Faberge, 605 F.2d at 429, which held that even with willful infringement, an award of profits is not necessary. Id. at 429.
 
 III
 
 17
 We hold: (1) there was sufficient evidence to support the jury's verdict that Marktrade infringed on Mercado's trademark with respect to sardine products; (2) there was sufficient evidence to find that Mercado's trademark was properly assigned; (3) the evidentiary rulings, if error, were harmless; (4) the district court was within its discretion to deny summary judgment on the willful infringement claim, grant a narrow injunction, and refuse to award Mercado costs, damages, and attorney's fees due to laches and unclean hands.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 One of the eight factors involves whether the infringement was done in bad faith. There is a seeming contradiction between the jury's factual finding that "the infringement of the Sol-Mex trademark rights of Mercado Latino by defendants was willful and deliberate," and the district court's factual finding that "Marktrade adopted the 'Sardimex' and 'Seamex' trademarks in good faith and without an intent to capitalize on Mercado Latino's 'Sol-Mex' trademark."
 We read the inclusion in the district court's "Findings of Fact" to be in error. The document that was finally signed by Judge Rea was prepared by Marktrade's lawyer, Mr. Rosa. Although page 4 of the Findings of Fact were retyped by the district court, the retyped version is identical to Mr. Rosa's submitted version, only the typographical errors were removed. When Mercado's attorney noted that the finding is inconsistent with the jury verdict, Mr. Rosa stated, "Well, your honor, for the record, I was planning on filing a JNOV motion on that specific issue." It seems the inclusion of that finding of fact was placed in that document in anticipation of a Judgment Notwithstanding the Verdict [JNOV] that was never granted.
 Nowhere in the record is there any indication that the district court's "Finding of Fact" was meant to suggest the absence of substantial evidence for a finding of willful and deliberate infringement. The district court "has a duty to reconcile the jury's special verdict responses on any reasonable theory consistent with the evidence." Pierce v. Southern Pacific Trans. Co., 823 F.2d 1366, 1370 (9th Cir.1987).
 Moreover, because good faith is only one of eight factors to be considered, we find substantial evidence to uphold the jury's verdict without bad faith.
 
 
 [2]
 Again, we assume the jury's special verdict that the infringement was willful and deliberate to be the proper finding of fact, and the district court's "Findings of Fact" to be a mistake. However, the resolution of this issue is irrelevant, for Mercado's claim has no merit even assuming Marktrade's infringement was willful and deliberate