John WITHEROW, Plaintiff—
Appellant,

and

Julie Sikorski, Plaintiff,

v.

Jackie CRAWFORD; et al.,
Defendants—Appellees.

No. 07–16767.

United States Court of Appeals,
Ninth Circuit.

Submitted July 29, 2009.*

Filed July 31, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John Witherow, Carson City, NV, pro se.

Donald Y. Evans, Esquire, Reno, NV, for Plaintiff.

Janet Ellen Traut, Senior Deputy Attorney General, Office of the Nevada Attorney General, Carson City, NV, for Defendants–Appellees.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

## MEMORANDUM **

John Witherow, a Nevada state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action challenging various disciplinary proceedings and the surveillance of his mail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Huftile v. Miccio–Fonseca,* 410 F.3d 1136, 1138 (9th Cir.2005) (dismissal under 28 U.S.C. § 1915(e)(2)); *Andrews v. King,* 398 F.3d 1113, 1118 (9th Cir.2005) (summary judgment and application of 28 U.S.C. § 1915(g)). We affirm.

■ The district court properly dismissed Witherow's due process claims re-

** This disposition is not appropriate for publication and is not precedent except as provid-

lated to the April 4, 2000 disciplinary hearing because Witherow did not allege sufficient facts indicating that his resulting segregation posed an "atypical and significant hardship," *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), Witherow does not have a liberty interest in being housed at a particular prison, *see Meachum v. Fano,* 427 U.S. 215, 225–27, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), and his claim that he was improperly denied parole is *Heck*-barred, *see Butterfield v. Bail,* 120 F.3d 1023, 1024–25 (9th Cir.1997). Witherow's contention that he had a liberty interest because he could have lost good-time credits (but did not) as a result of the disciplinary charge is unpersuasive. *See Sandin,* 515 U.S. at 484, 115 S.Ct. 2293. Further, Witherow's contention that he was entitled to constitutional procedural protections beyond those set forth in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), is without merit. *See Walker v. Sumner,* 14 F.3d 1415, 1419–20 (9th Cir.1994), *abrogated on other grounds by Sandin,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418.

■ The district court properly granted summary judgment on Witherow's First Amendment claims because defendants' decision to open, read, and photocopy some of Witherow's mail before sending or delivering it was not an unconstitutional response to their suspicion that Witherow was using the mail for purposes of drug trafficking. *See Witherow v. Paff,* 52 F.3d 264, 265 (9th Cir.1995) (per curiam) (stating that regulations governing incoming mail are valid if reasonably related to legitimate penological interests, and that, for regulations governing outgoing mail, there must be a closer fit between the regulation and the purpose it serves).

ed by 9th Cir. R. 36–3.

Summary judgment was also proper on Witherow's Fourth Amendment claims. *See United States v. Vallez*, 653 F.2d 403, 406 (9th Cir.1981) (stating that the warrantless seizure of a prisoner's mail does not violate the Fourth Amendment if there is a justifiable purpose of imprisonment or prison security), *receded from on other grounds by United States v. Goseyun*, 789 F.2d 1386, 1387 (9th Cir.1986) (per curiam).

■ Defendants also did not violate the Due Process Clause because they sent or delivered the mail, after inspection, and therefore there was no deprivation of a property interest. *See Krug v. Lutz*, 329 F.3d 692, 697–98 (9th Cir.2003). Finally, Witherow's contention that he has a liberty interest in the application of Nevada Department of Corrections Administrative Regulation 750 is unpersuasive. *See Sandin*, 515 U.S. at 477–484, 115 S.Ct. 2293.

The district court did not err in revoking Witherow's in forma pauperis status under 28 U.S.C. § 1915(g). *See Tierney v. Kupers*, 128 F.3d 1310, 1311–12 (9th Cir.1997) (holding that § 1915(g) applies to claims dismissed prior to the statute's effective date).

Witherow's remaining contentions are unpersuasive.

Witherow's motion to strike appellees' answering brief is denied.

Witherow's motion for leave to file a supplemental reply brief is granted. The Clerk shall file the supplemental reply brief received on April 10, 2008.

**AFFIRMED.**