108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Albin A. RHOMBERG, Plaintiff/Appellant,
v.
Pete WILSON, Governor, Russell W. Colliau, Marty Wilson, Bob
White, Pete Wilson for Governor Campaign Committee, Pete
Wilson Inaugural Committee, P. Dowden, Duane Lowe, R.
Bartucco, J.E. Everett, P.D. Harder, W.E. MacDonald, A.
Perez, D.H. Peters, Daniel E. Lungren, Attorney General,
State of California, City of Sacramento, Peter Ostergar,
James Pennell, Monty Hensley, Karen McGagin, Tom Cooper,
Gregory Twilling, Defendants/Appellees.
John BURNS, Michael Burns, Theresa Reali, Scott Kiley, Jack
Cooke, Joseph Scheidler Estate of John Szabo,
Plaintiffs/Appellants,
v.
Pete WILSON, Governor, Russell W. Colliau, Marty Wilson, Bob
White, Pete Wilson for Governor Campaign Committee, Pete
Wilson Inaugural Committee, P. Dowden, Duane Lowe, R.
Bartucco, J.E. Everett, P.D. Harder, W.E. MacDonald, A
Perez, D.H. Peters, Daniel E. Lungren, Attorney General,
State of California, City of Sacramento, Peter Ostergar,
James Pennell, Monty Hensley, Karen McGagin, Tom Cooper,
Gregory Twilling, Defendants/Appellees.
 Nos. 95-16244, 95-16257.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1996.
Decided Feb. 18, 1997.
 
 1
 Before: SKOPIL and FLETCHER, Circuit Judges, and SMITH,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellants, abortion protesters, were arrested at the Cathedral of the Blessed Sacrament in Sacramento, California during an ecumenical prayer service that was part of the inauguration of Pete Wilson to his first term as governor. Appellants brought this action under 42 U.S.C. § 1983, together with several pendent state tort claims, against Governor Pete Wilson, various members of his campaign staff, his inaugural and campaign committees and their individual volunteers and members, California state police officers, Sacramento city police officers and the City of Sacramento, alleging violation of their First Amendment right to speak and their Fourth Amendment right to be free of unreasonable seizure. They also sued California Attorney General Daniel E. Lungren and California Chief of Police Duane Lowe to enjoin the enforcement of and to declare unconstitutional Cal.Penal Code Ann. § 302, which prohibits the disruption of a religious service. All of the defendants moved for summary judgment asserting qualified immunity, lack of either municipal or supervisorial liability, or lack of standing. The district court granted summary judgment to all defendants except for state police officers Bartucco and Ostergar, Campaign Committee volunteer Russell Colliau, and City police officer Dowden. After a nine-day trial, a jury returned a verdict in favor of these defendants. Appellants appeal the grants of summary judgment, and contend that at trial there was reversible error as a result of erroneous jury instructions. They also appeal the denial of their motion to recuse the district court judge. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 I. Summary Judgment
 
 4
 We review de novo the district court's grant of summary judgment to certain of the defendants. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We affirm.
 
 A. Governor Wilson and Robert White:
 
 5
 Appellants presented no evidence that Governor Wilson or Robert White caused the arrests at issue or participated in making them. See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691-695 (1978) (rejecting respondeat superior liability for § 1983 claims); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978) (a person subjects another to the deprivation of a constitutional right if he does an affirmative act or participates in another's affirmative act).
 
 B. Daniel Lungren and Duane Lowe:
 
 6
 Appellants seek to enjoin enforcement of and to declare unconstitutional Cal.Penal Code § 302, which makes the willful disturbance of a religious service a misdemeanor. Cal.Penal Code Ann. § 302 (West 1988).[1] Appellants lack standing. Appellants, who are seeking prospective injunctive relief in a civil action against these defendants, failed to demonstrate a credible threat of immediate future harm. See Smith v. City of Fontana, 818 F.2d 1411, 1422 (9th Cir.), cert. denied, 484 U.S. 935 (1987). They have not suffered criminal conviction, do not face pending prosecution under the act and they have not alleged that they are likely to engage in future conduct which would violate § 302. City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983) (denying standing for injunctive relief to victim of police chokehold because he could not demonstrate a real and immediate threat that he would again be stopped for a traffic offense and illegally choked into unconsciousness). Past unlawful conduct may be probative on the concreteness of a concern for future prosecution for such conduct, but it does not in itself show a present case or controversy that would warrant injunctive relief. See id. at 106.
 
 
 7
 Appellants also claim third-party standing to vindicate the rights of the unborn. Even if we conceded for the purpose of argument that the unborn were third-parties for purposes of this lawsuit, appellants offer no evidence or reasoning as to why their claim should cause us to depart from the U.S. Supreme Court's general rule that: "Ordinarily, one may not claim standing ... to vindicate the constitutional rights of some third party." Barrows v. Jackson, 346 U.S. 249, 255 (1953). Summary judgment dismissing claims against these defendants was proper.
 
 C. The Committee Defendants:
 
 8
 Appellants presented no evidence that Martin Wilson, Director of the Pete Wilson for Governor Campaign Committee, or Tom Cooper, a committee volunteer, participated in any way in the arrests at the Cathedral. Summary judgment was therefore properly granted as to them. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989) (supervisory liability requires personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation).
 
 
 9
 Appellants argued that the Campaign Committee was liable for the alleged wrongdoing of the Inaugural Committee. They failed, however, to offer any evidence indicating that an alter-ego relationship existed between the Campaign Committee and the Inaugural Committee. In order to establish alter ego liability, appellants must establish: 1) control of one entity by another, 2) that one entity is the mere conduit of the business of the other, and 3) recognition of a separate existence would occasion fraud and injustice. See Calvert v. Huckins, 875 F.Supp. 674, 678 (E.D.Cal.1995); Marr v. Postal Union Life Ins. Co., 105 P.2d 649, 654 (Cal.Ct.App.1940). Appellants failed to establish that such a relationship existed between the committees. Further, the claims against the Inaugural Committee were derivative of the claims made against committee volunteer Colliau, who was found by the jury not to have violated any constitutional rights in his citizen's arrest of appellants. Therefore, appellants suffered no constitutional injury and dismissal as to these defendants was proper.
 
 D. State Police/Custody Officers:
 
 10
 California State Police Officers Everett, MacDonald, Pennel, Perez, and Peters ("Custody Officers"), who accepted custody of appellants after they had been placed under citizen's arrest, were properly granted qualified immunity because they relied upon clearly established law and could have believed as reasonable officers that their conduct was lawful. Anderson v. Creighton, 483 U.S. 635, 639 (1987); Act UP!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993). When they accepted custody of appellants it was objectively reasonable for the Custody Officers to believe that the appellants had been lawfully arrested for disrupting a religious service.
 
 
 11
 An officer who acts in reliance upon a duly-enacted statute or ordinance is ordinarily entitled to qualified immunity. Grossman v. City of Portland, 33 F.3d 1200, 1209 (9th Cir.1994). Cf. Chew v. Gates, 27 F.3d 1432, 1447-49 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1097 (1995) (holding, in part, that officers implementing a long-established policy are entitled to qualified immunity where no then-existing case law demonstrated that the particular policy was unconstitutional). Where a statute authorizes official conduct that is patently violative of fundamental constitutional principles, an officer who enforces that statute is not entitled to qualified immunity. Grossman, 33 F.3d at 1209. That is not the case here. At the time of these arrests, § 302 had been upheld as constitutional by California appellate courts. People v. Cruz, 101 Cal.Rptr. 711, 717-718 (Cal.App.Dep't Super.Ct.1972). There was no contrary authority. We conclude that it was objectively reasonable for the officers to rely upon it. Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982).
 
 
 12
 State police officer Harder, who arrested appellants Scheidler and Cooke, also was properly granted summary judgment on the grounds of qualified immunity. It was objectively reasonable for Officer Harder to believe that he had probable cause to arrest appellant Scheidler based upon the undisputed fact that he was present when Scheidler spoke out loudly during the service and attempted to unfurl a banner reading "Sacrilege," apparently intending to attract the attention of Governor-elect Wilson. Officer Harder arrested appellant Cooke after Cooke approached within three feet of the Governor-elect and stated loudly, "What are you going to do about murdering millions of unborn children in this state?" It would be reasonable to interpret this statement, made in such close proximity, as threatening. See Hunter v. Bryant, 502 U.S. 224, 228-29 (1991) (even assuming Secret Service agents lacked probable cause for an arrest made in an effort to protect the President, the Court held them entitled to qualified immunity); Malley v. Briggs, 475 U.S. 335, 341 (1986) (qualified immunity protects all but the plainly incompetent or those who knowingly violate the law); ActUP!/Portland, 988 F.2d at 871 (police officers who objectively believe that their conduct is lawful in light of clearly established principles are immune from civil damages); Fuller v. M.G. Jewelry, 950 F.2d 1437, 1443 (9th Cir.1991) ("Even absent probable cause, qualified immunity is available if a reasonable police officer could have believed that his or her conduct was lawful.").
 
 
 13
 State Officer Lt. Hensley, supervisor of the Custody Officers, was properly granted summary judgment. His subordinates acted lawfully in accepting custody of appellants. In the absence of constitutional injury caused by his subordinates, he cannot be liable for failure to supervise.
 
 E. City of Sacramento:
 
 14
 Appellants made two claims against the City of Sacramento. First, that it had a policy or a custom of not inquiring into the validity of arrests made by citizens. Second, that it failed to adequately select, train, and supervise Sgt. Dowden, who held appellant Reali in custody after her arrest. Summary judgment was proper as to both claims. Appellants alleged no facts to support the claim that the City has either a policy or custom of not inquiring into the validity of arrests made by citizens. Monell, 436 U.S. at 694. A policy may be shown "where--and only where--a deliberate choice to follow a course of action is made [by policymakers] from among various alternatives." Meehan v. County of Los Angeles, 856 F.2d 102, 107 (9th Cir.1988) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 483-84 (1986)). It is the plaintiff's burden to prove official policy by more than "bald allegation." Polk County v. Dodson, 454 U.S. 312, 326 (1981). She must show that official policy is "the moving force of the constitutional violation" in order to establish liability. Monell, 436 U.S. at 694. At the "very least there must be an affirmative link between the policy and the particular constitutional violation alleged." Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985). The appellants have shown neither a policy or consequences from it that would establish municipal liability here.
 
 
 15
 The district court properly dismissed appellants' claims against the City for failure to adequately select, train, and supervise Sgt. Dowden. When a person sues under § 1983 for an allegedly unconstitutional arrest, the city cannot be held liable absent a constitutional violation by the arresting officer. Grossman, 33 F.3d at 1203 (quoting City of Los Angeles v. Heller, 475 U.S. 796 (1986)). The specific constitutional violation alleged here is that Sgt. Dowden used excessive force against appellant Reali in removing her from the Cathedral and while she was in his custody. However, the jury's finding that the force Dowden used was reasonable eliminates appellants' constitutional claim against the City, because the appellant suffered no constitutional injury. Summary judgment was properly granted.
 
 F. City Police Officers:
 
 16
 Finally, the district court properly granted summary judgment to City police officer Lt. Twilling, who supervised the City police officers present in the Cathedral. Appellants offered no evidence that he participated directly in the arrests at issue. The officers that he supervised acted constitutionally in accepting custody of the appellants. He also is entitled to qualified immunity for accepting custody of appellants Reali and Szabo from state police officers outside of the Cathedral because it was objectively reasonable for him to believe his actions were authorized by statute. See Augustine v. McDonald, 770 F.2d 1442, 1445-46 (9th Cir.1985) (an officer is entitled to qualified immunity where his or her actions were authorized by a statute that was not clearly unconstitutional).
 
 II. Recusal Motion
 
 17
 We review the denial of a motion for recusal for an abuse of discretion. E & J Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1294 (9th Cir.1992). Appellant's contend that Judge Burrell's connections to both Governor Wilson and the City of Sacramento were such that his impartiality might reasonably be questioned, and that he should have recused himself pursuant to 28 U.S.C. § 455. See Preston v. United States, 923 F.2d 731, 734 (9th Cir.1991) (plaintiffs must present facts demonstrating that a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned). We reject this contention. Senator Wilson's recommendation alone does not establish a basis for questioning Judge Burrell's impartiality. See Home Placement Service v. Providence Journal Co., 739 F.2d 671, 675 (1st Cir.1984), cert. denied, 469 U.S. 1191 (1985). Nor does Judge Burrell's former employment as a city attorney establish a sufficient basis for questioning his impartiality. See United States v. Heffington, 952 F.2d 275, 278-79 (9th Cir.1991) (holding that activities during government employment that are unrelated to the merits of the case at issue do not require recusal); Tedder v. Odel, 890 F.2d 210, 212 (9th Cir.1989) (disqualification based on government employment is required when judge has participated earlier in a governmental capacity in the same proceeding). Accordingly, we affirm the denial of appellants' recusal motion.
 
 III. Jury Instructions
 
 18
 Appellants claim that the jury was misdirected with instructions that permitted them to "consider protected speech as a crime" and that this constitutes reversible error. They did not, however, object at trial to these instructions, as required by Fed.R.Civ.P. 51, which requires that a party state distinctly the matter objected to and the grounds for that objection at trial. The consequence of this failure is waiver of the right to claim instructional error on appeal. See Hammer v. Gross, 932 F.2d 842, 847 (9th Cir.), cert. denied, 502 U.S. 980 (1991); Deland v. Old Republic Life Insurance Co., 758 F.2d 1331, 1337 (9th Cir.1985). Because no objection was made, we affirm the jury verdicts reached at trial.
 
 IV. Conclusion
 
 19
 We affirm. Summary judgment on the § 1983 claims was properly granted based upon lack of standing, qualified immunity, or lack of municipal or supervisorial liability. Appellants did not object to jury instructions. The other alleged trial errors do not present a basis for overturning the jury verdicts in favor of defendants. We deny the state appellees request for attorney's fees. Although the claims made by appellants ultimately lack merit, they relate to important constitutional rights, and some of the claims went to trial. We decline to find them frivolous. See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978) (a fee award will not be made unless the plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith.).
 
 
 20
 AFFIRMED.
 
 
 
 *
 Honorable Fern M. Smith, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cal.Penal Code § 302: "Every person who willfully disturbs or disquiets any assemblage of people met for religious worship, by profane discourse, rude or indecent behavior, or by any unnecessary noise, either within the place where such meeting is held, or so near it as to disturb the order and solemnity of the meeting, is guilty of a misdemeanor."